**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANGELA KALIT,

    Plaintiff,

v.

                                          Case No. 3:18-cv-1101-J-34MCR

TARGET CORPORATION and
SUHEILY FIGUEROA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand and Memorandum of Law in Support (Doc. 9; Motion to Remand), filed on October 12, 2018. Defendant Target Corporation filed a memorandum in response on October 26, 2018. See Defendant's Response with Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 14; Response). Thus, this matter is ripe for review.

**I.    Procedural History**

On June 11, 2018, Plaintiff Angela Kalit (Kalit), a Florida resident, initiated this action in the Fourth Judicial Circuit, in and for Duval County, Florida. See Complaint (Doc. 2; Complaint). As Defendants, Kalit named Target Corporation (Target), a foreign corporation, and Suheily Figueroa (Figueroa), a Target store manager and also a Florida resident. Id. In the Complaint, Kalit asserts negligence claims against both Target and Figueroa based on her June 4, 2017 fall at Target's Beach Boulevard store "due to a liquid substance on the floor." See id. at 2. Kalit alleges that Figueroa is personally liable for the

alleged injuries that resulted from Kalit's fall because Figueroa, as a store manager, "was directly responsible for maintaining and operating" the Target store. Id. at 5. In conclusory fashion, Kalit further alleges that Figueroa "was personally involved in" Target's "tortious conduct and is therefore personally liable to Plaintiff." Id. Kalit alleges that Figueroa breached the duty she owed to Kalit "to maintain the store in a reasonably safe condition." Id. at 5-6.

On July 5, 2018, Target served a request for admission asking Kalit to admit that the amount in controversy exceeds $75,000. See Defendant Target Corporation's Notice of Removal (Doc. 1; Notice) at 4. See also id., Exhibit A (Doc. 1-1; State Court Record) at 40-41. In response, Kalit objected and stated that she was "unable to admit or deny that the damages at issue in this case are more or less than $75,000 . . . as there is a factual dispute concerning the amount of damages in this case." See State Court Record at 77-78. As a result, Target also served a request for production of Kalit's medical records and bills. See Notice at 4. Kalit responded to the request on August 24, 2018 and provided documents on August 30, 2018. Id. at 5. See also State Court Record at 83-88; Notice, Exhibit C and D (Docs. 1-3, 1-4, 1-5; Medical Records). Based on Kalit's discovery responses showing $47,296.65 in past medical bills and her claim for past and/or future wage loss, Target asserts that the amount in controversy exceeds $75,000 exclusive of interest and costs.[1] See Notice at 5-8.

---

[1] Kalit does not dispute that the amount in controversy requirement is satisfied. See generally Motion to Remand.

After answering the Complaint and receiving Kalit's jurisdictional discovery responses, Target timely removed the action to this Court based on diversity of citizenship.[2] See Notice. In support of removal, Target asserted that Kalit and Figueroa were citizens of Florida and that Figueroa was fraudulently joined because no possible cause of action exists under Florida law that would permit her to be held individually liable for Kalit's alleged injury. Id. at 2-4. Thus, Target argued that Figueroa's citizenship should be disregarded for purposes of determining jurisdiction. Id. On October 12, 2018, Kalit moved for remand, arguing that she has pled a viable negligence claim against Figueroa. See Motion to Remand at 5-7. In support of her Motion to Remand, Kalit submitted her deposition testimony, see id., Exhibit A (Doc. 9-1; Kalit Dep.), an incident report completed by Figueroa, see id., Exhibit B (Doc. 9-2; Incident Report), and Figueroa's deposition testimony, see id., Exhibit C (Doc. 9-3; Figueroa Dep.). In response, Target reiterates and expands on the arguments set forth in the Notice and maintains that Figueroa's deposition testimony demonstrates that Figueroa did not participate in the alleged tort. See Response at 2-6.

## II. Standard

For removal to be proper under 28 U.S.C. § 1441 and § 1332, there must be complete diversity between the plaintiff and the named defendants, and no defendant can be a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b). Here, both Kalit and Figueroa are citizens of Florida. Thus, on the face of the pleadings, removal

---

[2] Although Target removed this action more than 30 days after the Complaint was served, Target asserts that removal was nevertheless timely because removal occurred within 30 "days of receiving Plaintiff's complete discovery Reponses . . . ." See Notice at 8. See also 28 U.S.C. § 1446(b)(3) (stating in part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Kalit does not contend that removal was untimely. See generally Motion to Remand.

3

is improper both because the parties are not diverse and because at least one defendant is a citizen of the state in which the action is brought. However, an action may be removable if the joinder of the non-diverse defendant is fraudulent. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine which provides an exception to the requirement of complete diversity." Id. If a court finds that a defendant is fraudulently joined, it "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).

A defendant is fraudulently joined "when there is <u>no possibility</u> that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Triggs, 154 F.3d at 1287 (emphasis added). Indeed, in reviewing a claim of fraudulent joinder based upon the contention that the plaintiff can prove no cause of action against the non-diverse defendant, the Eleventh Circuit has advised that "the federal court's analysis 'must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the state substantive law favors remand to state court.'" Florence, 484 F.3d at 1298-99 (quoting Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997)). Nevertheless, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" Legg v. Wyeth, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005) (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). Regarding the procedure for resolving a fraudulent joinder claim, the Eleventh Circuit has instructed that:

> "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, <u>supplemented by any affidavits and deposition transcripts submitted by the parties</u>." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir.1998) (emphasis added). The proceeding appropriate "for resolving a

4

> claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997) (quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact . . . in favor of the plaintiff." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989).

Legg, 428 F.3d at 1322-23 (emphasis in original).

### III. Analysis

In the Motion to Remand, Kalit asserts that her deposition testimony "support[s] that there is at least a possibility of stating a valid cause of action against Suheily Figueroa in state court. Specifically, that she failed to properly hire, train and supervise the employees on duty the day [Kalit] slipped and fell inside the retail store that was managed by Figueroa[.]" Motion to Remand at 7. As support for this contention, Kalit points to her testimony that "Figueroa admitted to her that the substance was caused by an employee of the store for which Figueroa had supervisory responsibilities for at the time of the fall as she was acting as store manager at the time." Id. In response, Target asserts that because the evidence establishes that Figueroa did not commit or participate in the alleged tort, Kalit cannot maintain a negligence action against Figueroa under Florida law. For the reasons set forth below, the Court finds that Target has met its heavy burden of establishing that there is no possibility that Kalit can prove a negligence action against Figueroa.

Under Florida law, a plaintiff asserting a negligence cause of action must plead and ultimately prove: "(1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure." Kenz v. Miami-Dade Cnty., 116 So. 3d

461, 464 (Fla. 3d DCA 2013) (citation omitted). In the context of an employee's alleged negligence, Florida's First District Court of Appeal has advised that:

> [t]he law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. E.g., McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989); White–Wilson Med. Ctr. v. Dayta Consultants, Inc., 486 So. 2d 659, 661 (Fla. 1st DCA 1986). However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. McElveen, 544 So. 2d at 272. [A]n officer or agent may not be held personally liable "simply because of his general administrative responsibility for performance of some function of his [or her] employment"—he or she must be actively negligent. Id.

White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005). See also Vesta Const. & Design, L.L.C. v. Lotspeich & Assocs., Inc., 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) ("A corporate officer or employee is not liable for the torts of the company simply because of the person's position with the company.").

Here, the Complaint contains no specific allegations regarding Figueroa's personal involvement in the alleged tortious conduct. Moreover, Target has submitted uncontroverted evidence establishing that Figueroa did not witness Kalit's accident and that she lacks any personal knowledge of the accident. See generally Figueroa Dep. Specifically, Figueroa testified that at the time of the fall, she was working as the "lead on duty" or "LOD." See id. at 33. Her responsibilities included, among other things, opening the building, filling empty positions, completing incident reports, "brand walks," and making sure the employees were where they needed to be. Id. at 33-35. Regarding spills and maintenance, Figueroa testified that each Target employee is responsible for cleaning up small spills they encounter, but Target employs a separate company to clean and wax the

floors at night. Id. at 35-38. Figueroa was not in charge of hiring the cleaning company, and she did not know the cleaning company's name. Id. at 50-51. She testified that if there was a problem with the cleaning company, she would contact the manager in charge of the building. Id. Importantly, Figueroa testified that she did not see Kalit fall, nor did she have any personal knowledge regarding the fall. Id. at 64. Instead, she was called by a cashier to assist Kalit after she fell. Id. Although Figueroa could not recall whether she had previously walked down the aisle on which Kalit fell, id. at 77, nothing in the record supports even an inference that she had prior knowledge of any unsafe condition. Notably, Figueroa testified that two more senior employees also were working at the time of the incident. Id. at 33, 79. Thus, based on Figueroa's deposition testimony, she did not personally participate in the events giving rise to the accident or witness the accident. Nor does Kalit's testimony refute this evidence.[3] Indeed, Kalit testified that the only person who witnessed her fall was a Target customer. See Kalit Dep. at 50. The Court recognizes that Kalit and Figueroa's versions of the events at issue are not identical, and that their testimony is conflicting at times. However, whether Figueroa personally played any role in Kalit's accident is not one of the facts in dispute based on their testimony.[4]

---

[3] Kalit also points to Figueroa having signed the Incident Report as evidence of her personal liability. However, having merely signed the form does not in any way indicate that Figueroa was personally involved in the incident; rather, it only shows that she documented it.

[4] For example, contrary to Figueroa's testimony, Kalit testified that Figueroa agreed with her that the floor was slippery, Figueroa set out caution cones after Kalit fell, and Figueroa told Kalit the slick conditions were due to the floor having recently been waxed. See Kalit Dep. at 77-78; Figueroa Dep. at 72-76. Resolving these questions of fact in Kalit's favor, and assuming that Figueroa did tell Kalit that the fall was the result of floor wax, this does not establish that Figueroa was personally involved in the alleged tort. Figueroa has presented uncontroverted evidence that she was not responsible for waxing the floors or for the company who did. See Figueroa Dep. at 35-38. Indeed, Figueroa did not even know the name of the cleaning company. Id. at 50.

Resolving all questions of fact in Kalit's favor, the Court finds that there is no possibility that Kalit can maintain her cause of action for negligence against Figueroa in Florida state court under the circumstances alleged in the Complaint. See Boyd v. Petco Animal Supplies Stores, Inc., Case No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) ("Since Boyd has provided no facts demonstrating that [the store manager] played any role in her injuries, the Court finds no reasonable basis for Boyd's claim against [the store manager]. Rather, this appears to be a run of the mill slip and fall case in which the store manager individually has no liability."); Siciliano v. Target Corp., Case No. 14-80459-CIV, 2014 WL 12461368, at *2 (S.D. Fla. Aug. 4, 2014) ("Target submitted evidence that [store supervisor] Morrison was not personally involved in the incident and Siciliano has not pointed to any evidence to support her negligence claim against Morrison."); De Varona v. Disc. Auto Parts, LLC, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) (similar); Petigny v. Wal-Mart Stores E., L.P., Case No. 18-23762-CIV, 2018 WL 5983506, at *3 (S.D. Fla. Nov. 14, 2018) (similar); Stephens v. Petsmart, Inc., Case No. 8:09-cv-815-T-26TBM, 2009 WL 3674680, at *2 (M.D. Fla. Nov. 3, 2009) (similar). Thus, the Court concludes that Figueroa has been fraudulently joined and is due to be dismissed from this case. See Florence, 484 F.3d at 1297 (stating that when a defendant is fraudulently joined, "the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter"). As such, Kalit's Motion to Remand will be denied.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Remand and Memorandum of Law in Support (Doc. 9) is **DENIED**.

2. The non-diverse Defendant Suheily Figueroa is dismissed from this case without prejudice.

3. The Clerk of Court is directed to terminate Defendant Suheily Figueroa.

**DONE AND ORDERED** at Jacksonville, Florida, on February 4, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc23

Copies to:

Counsel of Record